UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARCUS HOLMES, )
 )
        Plaintiff, )
 )
   v. ) No. 4:09-CV-1434-DJS
 )
KEEFE COMMISSARY NETWORK, )
INC. OF MISSOURI, et al., )
 )
        Defendants. )

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Marcus Holmes (registration no. 024147) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $00.00, and an average monthly account balance of $00.0. Plaintiff has insufficient funds to pay any portion of the entire filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step

inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The complaint

Plaintiff, an inmate at the Martin Correctional Institution in Indiantown, Florida, brings this 42 U.S.C. § 1983 action against Keefe Commissary Network, Inc. of Missouri, T. Reid ("Chief Deputy Warden"), Unknown Vicer (Canteen Supervisor, Florida Department of Corrections), and Walter McNeil (Secretary, Florida

Department of Corrections). Plaintiff generally alleges that Keefe Commissary "has knowingly shown discriminatory practices towards prisoners' dietary food restrictions ---'Muslim prisoners who do not eat' any pork foods." He claims that commissary items are overpriced, and that defendants have failed to follow their own rules and regulations relative to providing "inmates with the minimum due process requirements" and "ensuring that the [food] program and services . . . are administered in accordance with state and federal laws." For relief, plaintiff seeks monetary damages, as well an injunction, ordering Keefe Commissary to supply items, such as "big boxes of a variety of oatmeal . . . soup mix . . . instant rice . . . white milk and chocolate milk . . . [and] a variety of big boxes of potato chips."

**Discussion**

Having carefully reviewed the complaint, the Court concludes that plaintiff's conclusory allegations do not rise to the level of a constitutional violation and fail to state a claim or cause of action. As noted above, legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth. *See id.* at 1949. Moreover, plaintiff's assertion that defendants failed to follow their own rules and regulations does not amount to a § 1983 claim. *Cf. Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993) (allegation of state law

4

violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate Order shall accompany this Order and Memorandum.

Dated this  30th  day of September, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE